Reese, J.
delivered the opinion of the court.
The record in this case shows that the only contest before the jury in the circuit court was as to the validity of the *271 Written lease made by M’Farland, the agent of Somers, to Castleman, and by the lessee transferred to the defendant.'The testimony fully establishes the fact that the agent had verbal authority from his principal to make a lease to Castle-man. The court charged the jury that the authority from Somers to M’Farland, the agent, was insufficient, that Som-ers was not bound by the lease, and that Castleman was but the tenant at will of Somers, and so likewise was the defendant. The statute of frauds, 1801, ch. 25, sec. 1, requires that the promise or agreement upon which, in the various cases mentioned in that compendious and comprehensive section, an action shall be brought, some note or memorandum thereof shall be in writing and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized; but the statute does not require that the authority of the agent or the evidence of his agency, in order to be lawful, shall be in writing. The first and third sections of the statute of 29 Charles II, ch. 3, which relates to leases, &c. requires, indeed, the writing be signed by the parties making it, or their agent, authorized by writing. This latter requisition is omitted in the 4th and 17th sections of the English statute referred to, as it is also in our statute. The rule, therefore, adopted there as to contacts for the sale of land arising under the 4th section of their statute, that the power or authority of the agent need not be in writing, would exist here under our statute as to leases for more than a year, as well as to the other cases mentioned in this section. It is true, as remarked by Mr. Sugden, (Vendors and Purchasers, 121,) that it is in all cases highly desirable that the agent should have a written authority, for when he has merely a parol authority it must frequently be difficult to prove the existence and extent of it. We think, therefore, that the court erred in charging the jury that the agent had no sufficient authority, so far as the charge is predicated upon the want of written authority merely. We are of opinion, also, that the court en’ed in excluding from the jury the letter of Somers to Castleman, because, in connexion with the other evidence, it was competent and relevant testimony, tending to show, to say the least of it, the authority of the *272 agent and the appi'oval of his act by his principal. That the letter did not relate to the written lease made by M’Far-land to Castleman, was an assumption which we think the court should not have made, but should have permitted the letter to go to the jury in connexion with the other testimony. Let the judgment therefore be reversed, and a new trial be held in this cause when the errors herein referred to maybe corrected.